# THE

# New York Supplement

## VOLUME 114

---

### SILBERMAN v. HOROWITZ.

(Supreme Court, Appellate Term. January 8, 1909.)

1. CONTRACTS (§ 90*) — CONSIDERATION — SIMULTANEOUS AGREEMENTS — EVIDENCE.

On an issue as to consideration, evidence *held* to show that a lease and an agreement by the lessor to pay a bonus were executed practically simultaneously.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 410; Dec. Dig. § 90.*]

2. CONTRACTS (§ 54*)—CONSIDERATION—MUTUAL AGREEMENT.

Where there was a dispute over a bonus to be paid for a lease, the mutual agreement of the parties to settle upon terms stated in an independent instrument was sufficient consideration to support the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 237, 291; Dec. Dig. § 54.*]

3. LANDLORD AND TENANT (§ 200*)—BONUS FOR LEASE—LIABILITY.

Under a lessor's agreement to pay a $300 bonus to lessees, $100 down and $100 on each of two dates, if the lessees should then hold the lease, the lessor is not liable for the last installment where the lessees did not hold the lease when the installment matured.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 794, 795; Dec. Dig. § 200.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Simon Silberman against Nathan Horowitz. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Harvey J. Cohen, for appellant.
Eugene I. Gottlieb, for respondent.

GILDERSLEEVE, P. J. The complaint alleges that the defendant agreed to pay to the plaintiff and one Plotka the sum of $300 as a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

consideration for their entering into a lease of certain premises; that they thereupon did enter into said lease, and became entitled to the sum of $300 from the defendant; that, although payment has been duly demanded, no part thereof has been paid, except the sum of $200; that the plaintiff duly acquired the interest of the said Plotka in said claim by assignment, and demands judgment against the defendant for the sum of $100. The defendant, in his answer, denies the agreement, and sets out at length what he claims the real agreement was between the parties as to the payment of the $300. The learned trial justice rendered judgment in favor of the plaintiff for the full amount claimed. The defendant appeals.

But one question is presented for review, viz.: Is the judgment supported by the evidence? It is undisputed that on the day the lease was executed provision was made for the payment by defendant to the plaintiff and Plotka of $300; that $100 thereof were paid at the time, and something more than one month thereafter another $100 were paid. The latter payment, as testified to by defendant, was made by reason of the representation of the plaintiff and Plotka that they were losing money on the houses; the defendant claiming, however, that it was not due until May, 1907, and was paid as a favor to the lessees. The issue between the parties is raised by the contention of the plaintiff that the commissions were earned and became due and payable when the lease was executed on April 30, 1906; and the contention of the defendant as expressed in his testimony as follows, viz.:

"There is no broker in the lease; but, if I will be satisfied with you, and if you will keep my houses in good order, I will give you every year $100 till the lease expires."

The defendant further testifies that defendant's Exhibit A was then prepared and submitted to the attorneys of plaintiff and signed by all the parties. Defendant testifies that Exhibit A was signed before the lease, and, as to this, is corroborated by his attorney Harvey J. Cohen. Plaintiff testifies it was signed after the lease, and his attorney corroborates him. All agree it was executed the same day as the lease, and about the same time. As we have already stated, it is clear that some provision was made at the time for the payment of $300, and when, in connection with the oral testimony of all the witnesses, we consider the nature of the transaction, viz., the leasing of houses, and the defendant's Exhibits A and B, the only reasonable conclusion can be that the $300 were treated by the parties as a commission.

The exhibits in question are as follows, viz.:

### Defendant's Exhibit A.

"Whereby, as certain said indenture of lease, dated April 30th, 1906, between Nathan Horowitz, and Simon Silberman and Charles Plotka, he, Nathan Horowitz, has hereby leased premises #308, #310, #312 and 314 East 29th street, in the borough of Manhattan, city of New York; and whereas, Simon Silberman and Charles Plotka are the original brokers and lessees of said transaction; and whereas, Simon Silberman and Charles Plotka are desirous of receiving the sum of three hundred ($300) dollars as commissions for leasing said premises:

"Now, therefore and for other good and valuable consideration paid to Nathan Horowitz, it is agreed between said Nathan Horowitz and Simon Silberman and Charles Plotka that the said Nathan Horowitz shall pay the said sum of three hundred ($300) dollars in the following manner: One hundred ($100) dollars, the receipt of which is hereby acknowledged, at the execution of this agreement, one hundred ($100) dollars on May 1st, 1907, in the event that said Simon Silberman and Charles Plotka are still the owners and holders of this lease. One hundred ($100) dollars on May 1st 1908, in the event that said Simon Silberman and Charles Plotka are still the owners and holders of this lease. We, Messrs. Silberman and Plotka, do hereby certify and state that the above is no allowance of any kind, form or nature, upon the rent contained in said lease, or no modification in any manner or the original lease executed this day; and we further state that we have no defense, claim or off-set of any kind or nature against said Nathan Horowitz at the time of the execution of this agreement.      Nathan Horowitz. [L. S.]

"Simon Silberman. [L. S.]

"Ch. Wolf Plotka. [L. S.]

"In presence of H. J. C."

Defendant's Exhibit B.

"Received from Nathan Horowitz the sum of fifty ($50) dollars additional upon agreement made April 30th, 1906, executed between Nathan Horowitz and Simon Silberman and Charles Plotka, and this payment reduces the claim of ourselves against Nathan Horowitz to the sum of one hundred ($100.00) dollars, which shall be paid on May 1st, 1908, if we are still the owners and holders of lease affecting premises #312–314 East 29th Street, Borough of Manhattan. Dated, New York, June 19th, 1906.      Simon Silberman.

"Ch. Wolf Plotka."

It will be observed that in Exhibit A, signed by all the parties, the $300 is referred to "as commissions for leasing said premises." The appellant seeks to escape the force of Exhibit A by the contention that it was executed after the lease was signed and the commissions were earned, that there was no consideration therefor, and it cannot bind the parties. In the case of Hough v. Baldwin, 50 Misc. Rep. 548, 99 N. Y. Supp. 545, cited by appellant, we held that, if the plaintiff, a broker, had earned his commission and his right thereto had accrued, a subsequent agreement to wait for the same until title passed was unsupported by any consideration. This proposition was not decisive of the case, but, assuming that it was, we do not consider it applies to the case at bar. The plaintiff here and Plotka were the lessees of the property. We think the evidence shows that two simultaneous agreements were entered into. The lease was one and defendant's Exhibit A the other. There certainly is a conflict of testimony as to just when Exhibit A was executed. But, as we have seen, it is undisputed that only a few moments elapsed between the execution of the two instruments, and it seems to us that, in the light of all the testimony, it should be held that the execution was practically simultaneous. The reasonable probabilities are in accord with some of the evidence in the record tending to show that at the time there was some dispute over the commissions, and that Exhibit A was the result thereof, and expresses the terms upon which the minds of the parties met. From this point of view the mutual agreements to settle upon the terms set forth would furnish sufficient consideration to support the contract. It appears that the plaintiff and Plotka paid over to the defendant in cash at the time of the transaction, $1,700. This act

is not consistent with the claim that $300 was then due them from the defendant. Again, the delay of plaintiff until May, 1908, before asserting his claim, lends strength to the defendant's position. Exhibit B, signed by the plaintiff and Plotka some time after they became lessees, recognizes the times and conditions of payment of the $300 as provided for in Exhibit A.

We conclude that Exhibit A is a valid enforceable agreement, and that it correctly sets forth the terms agreed upon by the parties for the payment of the commissions in question. This agreement provides for the payment of $100 at the time of executing the same—$100 on May 1, 1907, "in the event that said Simon Silberman and Charles Plotka are still the owners and holders of this lease. One hundred dollars on May 1st, 1908, in the event that said Simon Silberman and Charles Plotka are still the owners and holders of this lease." It appears that the latter were not the holders of the lease on May 1, 1908, and therefore the plaintiff was not entitled to recover from the defendant the payment of May 1, 1908, for which this action was brought.

The judgment is not supported by the evidence, and must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.